UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN GOODLOW, JR., <br> Plaintiff, <br> v. <br> CAMACHO, et al., <br> Defendants. | Case No.: 18cv00709-CAB-MDD <br><br> **REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DEFENDANTS' MOTION TO DISMISS** <br><br> **[ECF No. 37]** |

This Report and Recommendation is submitted to United States District Judge Cathy A. Bencivengo pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

For the reasons set forth herein, the Court **RECOMMENDS** Defendants' Partial Motion to Dismiss be **GRANTED.**

### I. PROCEDURAL HISTORY

On April 9, 2018, Ivan Goodlow, Jr. ("Plaintiff"), a state prisoner

proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1, 22). Plaintiff alleges that eleven individuals working at R.J. Donovan Correctional Facility ("RJD") violated his civil rights by: (1) retaliating against him in violation of the First Amendment; (2) imposing excessive force and depriving him of one meal in violation of the Eighth Amendment; and (3) filing a false disciplinary report in violation of the Eighth, Ninth, and Fourteenth Amendments. (ECF No. 1 at 5-13). As of the date of this Report and Recommendation only seven Defendants have been served.[1] (ECF Nos. 23-34).

On February 14, 2019, Defendants Keener, Camacho, Smith, Self, Salas, Marin, and Sigala, the seven properly served Defendants, moved to dismiss: (1) all claims against all Defendants in their official capacity because they are not amenable to damages and claims for injunctive relief are moot; (2) all claims against Defendant Keener; and (3) all claims against Defendants Self and Smith. (ECF No. 37). On March 11, 2019, Plaintiff filed his Opposition. (ECF No. 39).

## II. BACKGROUND FACTS

These facts are taken from Plaintiff's Complaint and are limited to the claims relating to the movants. They are not to be construed as findings of fact by the Court.

On January 26, 2018, Plaintiff told Defendant Camacho, "I'm tired of you racist c/o's." (ECF No. 1 at 5). In response,[2] Plaintiff alleges Defendant

---

[1] Because Plaintiff failed to serve Defendants Goyal, Hernandez, Gonzalez, and Kelly pursuant to FED. R. CIV. P. 4(m), and has not requested the assistance of the Court to effect service, the Court **RECOMMENDS** the District Judge issue an Order to Show Cause re: dismissal for failure to prosecute as to the remaining Defendants.

[2] It appears from Plaintiff's Complaint and Opposition that he alleges Defendants' use of excessive force against him was in retaliation for his statement. (ECF No. 1 at 10; ECF

2

Camacho slammed him into the ground, placed severe pressure on his face and whole body, and punched him in the face. (*Id.*). Defendant Camacho then called other officers to assist him. (*Id.*). Plaintiff alleges Defendant Sigala arrived and punched Plaintiff in the mouth, choked him, and put a spit mask over his face while saying, "fucking noose now." (*Id.*). Plaintiff alleges that five officers, including Defendants Camacho, Sigala, Marin, and Salas, kicked and punched Plaintiff in the ribs. (*Id.*). Defendants Marin and Sigala then walked Plaintiff out of the building in shackles and handcuffs. (*Id.* at 5-6).

Plaintiff was then placed in the "cage" for about three hours. (*Id.* at 6). Defendant Keener arrived and read an allegedly "falsified report" explaining why Plaintiff was placed in administrative segregation. (*Id.* at 7). Defendant Keener "vanish[ed] quickly" after telling Officer Hernandez (a named but unserved Defendant in this case) to give Plaintiff his dinner tray. (*Id.*). Plaintiff contends that Officer Hernandez did not give him his meal. (*Id.*).

Plaintiff filed an excessive force complaint which was logged on January 31, 2018. (*Id.*). On January 29 and 30, 2018, Plaintiff discussed his complaint with Officers Wilburn and Rodriguez in a recorded meeting. (*Id.*). During the meeting, Registered Nurse Givan completed a medical report and noted Plaintiff had sore ribs and an abrasion on his lip. (*Id.*). One week later, Defendant Smith spoke with Plaintiff about the complaint. (*Id.* at 8). Plaintiff claims that Defendant Smith "looked like she would try to cover

---

No. 39 at 4). The Court notes that Plaintiff's Complaint also mentions he previously filed a complaint against Defendant Camacho in October 2017. (ECF No. 1 at 8). It is unclear whether Plaintiff alleges the trigger for the alleged retaliation was his statement or his previous complaint. Although not relevant to the disposition of this Motion, the Court notes the two theories in the interest of a complete recitation of the allegations.

things up," and that he felt "bad, sneaky energy." (*Id.*). Plaintiff informed Defendant Smith he had already spoken to Officers Rodriguez and Wilburn about his complaint. (*Id.*). Defendant Smith was the last person Plaintiff saw in possession of his complaint. (*Id.* at 12). In late February 2018, Plaintiff was transferred to Lancaster State Prison. (*Id.* at 9).

### III. LEGAL STANDARD

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotations omitted). The pleader must provide the Court with "more than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements will not suffice." *Id.* "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [a court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations omitted).

To state a claim under § 1983, a plaintiff must allege facts sufficient to show that (1) a person acting under color of state law committed the conduct at issue, and (2) the conduct deprived the plaintiff of some "rights, privileges, or immunities" protected by the Constitution of the laws of the United States. 42 U.S.C. § 1983.

A *pro se* pleading is construed liberally on a defendant's motion to dismiss for failure to state a claim. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Ortez v. Washington Cnty.*, 88 F.3d 804, 807 (9th Cir.

4

1996)). The *pro se* pleader must still set out facts in his complaint that bring his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. Of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

A *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

## IV. DISCUSSION

First, the Court will address all claims against Defendants in their official capacity. Next, the Court will address all claims against Defendants Keener, Smith, and Self in their individual capacities.

### A. Official Capacity Claims

Plaintiff seeks both monetary damages and injunctive relief from all Defendants. (ECF No. 1 at 15). He sues each Defendant in their individual and official capacities. (*Id.* at 2-4).

#### 1. Damages

Defendants contend that Plaintiff's claims for monetary damages against Defendants in their official capacities are barred by the Eleventh Amendment. (ECF No. 37 at 8). In his opposition, Plaintiff states his suit against Defendants in their official capacity is for injunctive relief only. (ECF No. 39 at 2). To the extent Plaintiff seeks to bring claims for damages against Defendants in their official capacities, he may not do so. The Eleventh Amendment bars §1983 suits for money damages against state officers in their official capacities. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24 (1997).

///

5

18cv709-CAB-MDD

**2. Injunctive Relief**

Plaintiff requests an injunction requiring: (1) all "correctional officers at any prison to stop putting physical harm upon [him], because of [his] freedom of speech and youthful appearance, an [*sic*] intelligence, and race;" (2) "for prison officials to treat all races equally including [Plaintiff];" and (3) "for prison officials to be held accountable for their actions." (*Id.* at 15). Defendants argue that Plaintiff's request for injunctive relief is moot because Plaintiff is no longer housed at RJD and did not present any evidence indicating an expectation of being transferred back to RJD. (ECF No. 37 at 8-9). In his opposition, Plaintiff argues his claim is not moot because he could be transferred back to RJD. (ECF No. 39 at 2).

Plaintiffs may seek injunctive relief against prison officials in their official capacity. However, a litigant generally may not seek relief on behalf of other inmates. *Russel v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). Additionally, "[a] district court lacks authority to issue an injunction directed at an entity that is not a party before it. FED.R.CIV.P. 65(d)(2)(C); *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 112 (1969). Claims for injunctive relief generally become moot when the inmate is transferred to another prison and there is no reasonable expectation that he will be returned. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007).

To the extent Plaintiff seeks relief on behalf of other inmates or to bind correctional officers not appearing in this case, his request must be denied. *See Russel*, 308 F.2d at 79; *Zenith Radio Corp.*, 395 U.S. at 112. To the extent Plaintiff's requested injunctive relief is directed at Defendants, his request is moot. Plaintiff's Complaint indicates he is currently incarcerated at Lancaster State Prison in Los Angeles, CA. (ECF No. 1 at 1). Plaintiff offers no evidence that any of the Defendants work at Lancaster State Prison.

6

Although it is theoretically possible that Plaintiff may be transferred back to RJD, there is no evidence to suggest a transfer is reasonably expected such that injunctive relief is warranted at this time.

### 3. Conclusion

Accordingly, the Court **RECOMMENDS** that Defendants' Motion to Dismiss all claims against Defendants in their official capacity be **GRANTED** with prejudice.

### B. Claims Against Defendant Keener

Plaintiff alleges Defendant Keener violated his Eighth and Fourteenth Amendment rights by filing a false report against him and denying him one meal.[3] (ECF No. 1 at 3, 5-9). Defendants contend that Plaintiff's claims are not cognizable under the Eighth or Fourteenth Amendments. (ECF No. 37 at 5-7). In his opposition, Plaintiff argues that the cumulative effect of denying him one meal and the false report violates the Eighth Amendment. (ECF No. 39 at 3, 8-9).

### 1. Eighth Amendment

Prison conditions do not violate the Eighth Amendment unless they amount to "unquestioned and serious deprivations of basic human needs" or denial of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991). "After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal citations and quotations omitted).

---

[3] Plaintiff does not make a Fourteenth Amendment argument in the body of his Complaint. However, he does allege that Defendant Keener violated the Fourteenth Amendment when listing the Parties. (ECF No. 1 at 3).

A prison official violates the Eighth Amendment when two conditions are met: (1) the deprivation alleged must be sufficiently serious; and (2) the prison official must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The first condition requires the prisoner to allege facts sufficient to show that the prison official's acts or omissions deprived him of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. The second condition requires a showing that the defendants acted with "deliberate indifference" to an excessive risk to inmate health and safety. *Wilson*, 501 U.S. at 302; *Farmer*, 511 U.S. at 837.

**a. False Report**

Absent a showing of retaliation for the exercise of constitutionally protected rights, a prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports. *Buckley v. Gomez*, 36 F.Supp.2d 1216, 1222 (9th Cir. 1997); *Smith v. Albee*, No. 15-cv-1598, 2016 WL 6094471, *4 (E.D. Cal. Oct. 18, 2016) (the "falsification of disciplinary reports does not state a stand-alone constitutional claim," because "[t]here is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest").

Plaintiff fails to state a claim under the Eighth Amendment. Plaintiff alleges no facts that permit the Court to infer Defendant Keener acted with deliberate indifference to Plaintiff's health or safety by filing the report or that the filing of the report itself caused a denial of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see Williams v. Foote*, No. 08-cv-2838, 2011 WL 6968033, *16 (C.D. Cal. Oct. 5, 2011). Additionally, Plaintiff does not allege Defendant Keener filed the report in retaliation for his exercise of a constitutionally protected right. Rather, he alleges she filed

8

the report to cover up the excessive force of her fellow officers. (ECF No. 1 at 3). Filing of the report itself, although wrongful, does not rise to the level of an Eighth Amendment violation.

### b. Denial of One Meal

Plaintiff alleges Defendant Keener also violated his Eight Amendment right when he was deprived of one meal. (ECF No. 1 at 7). Defendants contend that missing one meal does not give rise to an Eighth Amendment claim, and, even if it did, Defendant Keener is not liable because she ordered Officer Hernandez to provide Plaintiff his meal. (ECF No. 37 at 6-7).

As discussed above, a deprivation is sufficiently serious for Eighth Amendment purposes when the prison official's act or omission results "in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347. Adequate food is a basic human need protected by the Eighth Amendment. *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir.1982). However, prison food need only be "adequate to maintain health." *LeMaire v. Maass,* 12 F.3d 1444, 1456 (9th Cir.1993).

The Ninth Circuit has found that the "repeated and unjustified failure" to provide inmates adequate sustenance "amounts to a serious deprivation" in violation of the Eighth Amendment. *See, e.g.*, *Foster v. Runnels*, 554 F.3d 807, 813 n. 2 (9th Cir. 2009) (denying sixteen meals over twenty three days violates the Eighth Amendment); *but see Wilson v. Pima County Jail*, 256 Fed.Appx. 949, 950 (9th Cir. 2007) (inmate did not suffer a serious deprivation when officer took away his lunch). Plaintiff claims he was denied one meal. This was not a "repeated and unjustified failure" to provide Plaintiff with adequate sustenance. Plaintiff did not suffer a serious deprivation of adequate food sufficient to form the basis of an Eighth Amendment violation.

Defendants further argue that even if the denial of one meal did constitute an Eighth Amendment violation, Defendant Keener could not be individually liable. In light of the finding that missing one meal is not a serious deprivation of adequate sustenance, the Court need not reach the issue of whether Defendant Keener would be liable. But even if the Court did reach the issue, Plaintiff's conclusory allegation that Defendant Keener should have made sure he received his meal is not sufficient to support an individualized constitutional claim against Defendant Keener.

Finally, Plaintiff argues that these two alleged violations collectively violate the Eighth Amendment. (ECF No. 39 at 8). Courts may consider conditions in combination "when they have a mutually enforcing effect that produces the deprivation of a single identifiable human need." *Wilson*, 501 U.S. at 304-05. "A number of conditions, each of which satisfy Eighth Amendment requirements, cannot in combination amount to an Eighth Amendment violation." *Hoptowit*, 682 F.2d at 1246-47 (quoting *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981)). The two conditions Plaintiff asserts satisfy Eighth Amendment requirements and do not have a mutually enforcing effect producing deprivation of a single human need. Therefore, they cannot in combination amount to an Eighth Amendment violation.

Accordingly, the Court **RECOMMENDS** that Defendant's Motion to Dismiss the Eighth Amendment claims against Defendant Keener be **GRANTED** without leave to amend.[4]

---

[4] Filing a false report can state a claim under the First or Fourteenth Amendments if the report was prepared in retaliation for the exercise of a constitutional right or the prisoner was not provided procedural due process. Because this claim is more properly brought under the First or Fourteenth Amendments, the Court declines to **RECOMMEND** leave to amend the Eighth Amendment claim. The Court notes that Plaintiff's First Amendment retaliation claims remain pending and the Court does **RECOMMEND**

10

## 2. Fourteenth Amendment

Plaintiff did not discuss his Fourteenth Amendment claim. Construing Plaintiff's allegations in a light most favorable to Plaintiff, the Court presumes that plaintiff's Fourteenth Amendment claim relates to Defendant Keener's filing of an allegedly false report which led to Plaintiff's placement in administrative segregation. (*See generally* ECF No. 1). Defendants allege that plaintiff has not adequately pleaded a constitutionally protected interest because prisoners have no protected liberty interest in being free from placement in administrative segregation. (ECF No. 37 at 6).

### a. Applicable Law

The procedural guarantees of due process apply only when a constitutionally protected liberty or property interest is at stake. *See Wolff v. McDonnell*, 418 U.S. 539, 557–58 (1974). In order to invoke the protection of the Due Process Clause, Plaintiff must first establish the existence of a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Due process protections are implicated if Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not expected from his sentence; and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Id.*

The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations. *See, e.g.*, *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986) (filing of false disciplinary report against inmate not actionable where procedural due process protections provided). An inmate has no constitutionally protected right to be free from

---

Plaintiff be allowed to amend his Fourteenth Amendment claim as to Defendant Keener, as discussed below.

11

18cv709-CAB-MDD

the punishment of administrative segregation. *See Sandin*, 515 U.S. at 480; *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997). Thus, filing a false disciplinary charge against an inmate is not actionable under Section 1983 where procedural due process protections are provided. *See Sandin*, 515 U.S. at 484.

### b. Analysis

The Constitution does not protect prisoners from the isolated act of having false reports filed against them. *See Freeman*, 808 F.2d at 951. It does not protect prisoners from being placed in administrative segregation. *Sandin*, 515 U.S. at 480; *May*, 109 F.3d at 565. Plaintiff does not allege he was denied due process protections. Nor does he offer details of his alleged punishment that allow the Court to determine if it "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *See Sandin*, 515 U.S. at 484. Plaintiff's allegation that Defendant Keener fabricated her report, without more, is insufficient to state a claim under Section 1983 for a violation of Due Process.

Accordingly, this Court **RECOMMENDS** that Defendant's Motion to Dismiss the Fourteenth Amendment claims against Defendant Keener be **GRANTED** with leave to amend.

### C. Claims Against Defendants Smith and Self

Plaintiff alleges Defendant Smith violated the Ninth and Fourteenth Amendments by following up on and thereby delaying Plaintiff's 602 complaint. (ECF No. 1 at 12-13). Similarly, Defendant Self allegedly violated the Ninth and Fourteenth Amendments by failing to ensure his appeal was handled properly. (*Id.*). Defendants contend Plaintiff's claims fail as a matter of law. (ECF No. 37 at 7-8).

///

### 1. Ninth Amendment

To the extent Plaintiff brings claims under the Ninth Amendment, he may not do so. The Ninth Amendment is "not a source of rights as such; it is simply a rule about how to read the constitution. *San Diego County Gun Rights Comm. v. Reno*, 98 F.2d 1121, 1125 (9th Cir. 1996). "The Ninth Amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg v. Helena*, 791 F.2d 744, 748 (9th Cir. 1986). Therefore, a section 1983 claim cannot be predicated on a violation of a Ninth Amendment right. *Preskar v. United States*, 248 F.R.D. 576, 586 (E.D. Cal. 2008).

Accordingly, the Court **RECOMMENDS** that Defendants' Motion to Dismiss the Ninth Amendment claims as to Defendants Smith and Self be **GRANTED** without leave to amend.

### 2. Fourteenth Amendment

"[The] range of interests protected by procedural due process is not infinite.... Due Process is required only when a decision of the State implicates an interest within the protection of the Fourteenth Amendment." *Ingraham v. Wright,* 430 U.S. 651, 672 (1977) (citing *Bd. of Regents v. Roth,* 408 U.S. 564, 570 (1972)). It is well established that a prison official's alleged improper processing of an inmate's grievance, without more, fails to serve as a basis for section 1983 liability. *See Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir.2003) (state prisoners do not have a recognized liberty interest in prison grievance procedures); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (a prisoner has "no legitimate claim of entitlement to a grievance procedure" thus no protected liberty interest exits).

Plaintiff's claim fails as a matter of law because he does not have a protected liberty interest in the prison grievance process. *Id*. Accordingly,

the Court **RECOMMENDS** Defendants' Motion to Dismiss the Fourteenth Amendment claims as to Defendants Smith and Self be **GRANTED** without leave to amend.

## V. CONCLUSION

For the reasons set forth herein, it is **RECOMMENDED** that the District Judge issue an order:

1) Approving and Adopting this Report and Recommendation;
2) **GRANTING** Defendants' Motion to Dismiss as to Plaintiff's Official Capacity claims against all Defendants **without leave to amend**;
3) **GRANTING** Defendants' Motion to Dismiss as to all claims against Defendants Smith and Self **without leave to amend**;
4) **GRANTING** Defendants' Motion to Dismiss the Eighth Amendment claim as to Defendant Keener **without leave to amend;**
5) **GRANTING** Defendants' Motion to Dismiss the Fourteenth Amendment claim as to Defendant Keener **with leave to amend**, and
6) Issue an **Order to Show Cause** regarding dismissal of unserved Defendants for failure to prosecute.

If the Court's recommendations are adopted, the following claims remain **PENDING**:

1) Plaintiff's Eighth Amendment claim against Defendants Camacho, Sigala, Salas, and Marin, in their individual capacities.
2) Plaintiff's First Amendment Retaliation claim against Defendants Camacho, Sigala, Salas, and Marin, in their individual capacities.

This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the court and serve a copy on all parties by **May 10, 2019**. The document shall be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed by **May 17, 2019**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: April 22, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge