UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN FRANCES GOODLOW, JR., <br><br> Plaintiff, <br><br> v. <br><br> Mr. CAMACHO, C-Yard Correctional Officer, et al., <br><br> Defendant. | Case No.: 18cv709-CAB-MDD <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 40] and GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS [Doc. No. 37]** |

On April 9, 2018, Plaintiff Ivan Goodlow, Jr. ("Plaintiff"), a state prisoner proceeding *pro se* and *informa pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. §1983. [Doc. Nos. 1, 22.] Plaintiff alleges that eleven individuals working at R.J. Donovan Correctional Facility ("RJD") violated his civil rights by: (1) retaliating against him in violation of the First Amendment; (2) imposing excessive force and depriving him of one meal in violation of the Eighth Amendment; and (3) filing a false disciplinary report in violation of the Eighth, Ninth, and Fourteenth Amendments. [Doc. No. 1 at 5-13.] On February 14, 2019, Defendants Keener, Camacho, Smith, Self, Salas, Marin, and Sigala (the only defendants who have been served) filed a motion to dismiss certain defendants and parts of Plaintiff's complaint. [Doc. No. 37.] Plaintiff filed an opposition to Defendants' motion to dismiss on March 11, 2019. [Doc. No. 39.]

1

On June 30, 2017, Magistrate Judge Mitchell D. Dembin issued a Report and Recommendation to grant Defendants' partial Motion to Dismiss (the "Report"). [Doc. No. 40.] In the Report, Magistrate Judge Dembin also recommended that this Court issue an Order to Show Cause ("OSC") as to why the unserved defendants should not be dismissed. [Doc. No. 40 at 2, n. 1., 14.] On May 10, 2019, Plaintiff filed what this Court deemed to be objections to the Report, but the objections only pertain to the recommendation regarding issuing an OSC as to the unserved defendants. [Doc. No. 42.]

## REVIEW OF REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

## DISCUSSION

Having reviewed the portion of the Report regarding the partial motion to dismiss, to which no objection was made, the Court finds that it is thorough, well-reasoned, and contains no clear error. Accordingly, the Court hereby (1) **ADOPTS** Magistrate Judge Dembin's Report as to the partial motion to dismiss; and (2) **GRANTS** the partial motion to dismiss, as set forth in detail below.

In the Report, Magistrate Judge Dembin also recommends that this Court issue an OSC as to why the unserved defendants should not be dismissed. Plaintiff objects to this portion of the Report, and requests the Court's assistance in locating the unserved defendants. [Doc. No. 42.] A review of the docket shows that the U.S. Marshal mailed the summons and complaint to the Litigation Coordinator at RJD, and the summons were

returned unexecuted because the individuals were not employed at the institution. [*See* Doc. Nos. 24-26, 28.] The only assistance the Court can provide is to allow Plaintiff additional time to conduct discovery in the normal course as to the unserved defendants. Therefore, the Court will not issue an OSC as to the unserved defendants at this time. However, Plaintiff must serve the remaining (unserved) defendants with the operative complaint by **June 28, 2019**.

## CONCLUSION

For the reasons set forth above, (1) Magistrate Judge Dembin's Report is **ADOPTED** as to the partial motion to dismiss and (2) Defendants' partial motion to dismiss is **GRANTED**, as follows:

1. Defendants' motion to dismiss as to Plaintiff's official capacity claims against all Defendants is **GRANTED WITHOUT LEAVE TO AMEND**;

2. Defendants' motion to dismiss as to all claims against Defendants Smith and Self is **GRANTED WITHOUT LEAVE TO AMEND**;

3. Defendants' motion to dismiss the Eighth Amendment claim as to Defendant Keener is **GRANTED WITHOUT LEAVE TO AMEND**;

4. Defendants' motion to dismiss the Fourteenth Amendment claim as to Defendant Keener is **GRANTED WITH LEAVE TO AMEND**.[1]

5. Should Plaintiff wish to amend his Fourteenth Amendment claim as to Defendant Keener, he may do so by filing a First Amended Complaint (FAC) no later than **June 21, 2019.** Plaintiff is cautioned that the FAC must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the FAC will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,

---

[1] At this point, the following claims remain pending: 1) Plaintiff's Eighth Amendment claim against Defendants Camacho, Sigala, Salas, and Marin, in their individual capacities; (2) Plaintiff's First Amendment Retaliation claim against Defendants Camacho, Sigala, Salas, and Marin, in their individual capacities.

896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.") However, Plaintiff may not reallege the claims that have been dismissed without leave to amend in this Order.

6. If Plaintiff does not file an FAC by June 21, 2019, then Defendants Camacho, Sigala, Salas, and Marin shall answer the complaint, as amended by this Order, by **July 8, 2019**.

7. Plaintiff shall serve the remaining (unserved) defendants with the operative complaint (either the original complaint or the FAC) by **June 28, 2019**.

**IT IS SO ORDERED.**

Dated: May 23, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge