UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN GOODLOW,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CAMACHO, Correctional Officer; Mr. SAGALAS, Correctional Officer; Mr. SALAS, Correctional Officer; Mrs. Sgt. GONZALEZ, Correctional Sergeant; Ms. KELLY, Registered Nurse; Mr. MARIN, Correctional Officer; Ms. Sgt. KEENER, Correctional Officer; Dr. GOYAL, Facility Dr.; Mr. HERNANDEZ, Correctional Officer; B. SELF, Appeals Coordinator CCII; Sgt. Mrs. SMITH, EOP Sgt<br><br>　　　　　　　　　　Defendants. | Case No.: 3:18-cv-0709-CAB-MDD<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO Fed. R. Civ. P. 59(e)**<br><br>**(ECF No. 98)** |

　　　Ivan Goodlow, ("Plaintiff") proceeding pro se and in forma pauperis ("IFP"), has filed a Motion to Alter or Amend the Judgment" pursuant to Federal Rules of Civil Procedure 59(e). (ECF No. 98.)

1

## I. Procedural History

On April 9, 2018, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983, alleging eleven individuals,[1] including correctional officers and other staff at R.J. Donovan Correctional Facility (RJD), violated his civil rights by: (1) using excessive force against him, in violation of his Eight Amendment rights, (2) retaliating against him, in violation of his First Amendment rights, (3) depriving him of a meal in violation his Eighth Amendment rights and (4) filing a false disciplinary report, in violation of his rights under the Eighth, Ninth and Fourteenth Amendment. (*See* Compl., ECF No. 1 at 5–13.)

Plaintiff's Eighth and Fourteenth Amendment claims against Sergeant Keener were dismissed for failing to state a claim; ultimately, without leave to amend. (*See* ECF No. 45, Order Adopting Report and Recommendation Granting Defendants' partial Motion to Dismiss; ECF No. 54, Order Denying Motion to Amend Fourteenth Amendment claim and Ordering Case to Proceed.) Defendants Gonzalez, Kelly, Goyal, and Hernandez were dismissed because they were never properly served. (*See* ECF No. 54. at 2.)

In addition, Defendants Camacho, Salas, Sigala and Marin filed a motion for summary judgment as to the claims against them, arguing that Plaintiff had failed to properly exhaust his administrative grievances pursuant to 42 U.S.C. § 1997e(a) prior to filing the Complaint. (*See* ECF No. 69.) On September 24, 2020, this Court granted Defendants Camacho, Salas, Sigala and Marin's motion for summary judgment, concluding that Plaintiff had exhausted his claims against Defendants only *after* he filed his action in federal court. (ECF No. 95 at 29–30.) In its Order, however, the Court

///

---

[1] In his Complaint, Goodlow named the following eleven defendants: Camacho, Salas, Sagalas, Gonzalez, Kelly, Marin, Keener, Goyal, Hernandez, Self, and Smith. (*See* Compl., ECF No. 1 at 2–4.) Ultimately, Plaintiff was only able to serve Camacho, Salas, Sigalas, Marin, Keener, Self and Smith. (*See* ECF Nos. 24–34.)

notified Plaintiff he was free to "bring these now exhausted claims in a new and separate civil action so long as he does so within the applicable statute of limitations." (*Id.* at 30.)

On October 13, 2020, Plaintiff filed the instant Motion to Alter or Amend a Judgment pursuant to Federal Rules of Civil Procedure 59(e). (ECF No. 98.)

## II. Plaintiff's Motion to Alter or Amend Judgment

### A. Standard of Review

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999). Rule 59(e) may not be used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013) (quoting 11 Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 2810.1 (2d ed. 1995)).

### B. Discussion

In his Motion, Plaintiff requests the Court reconsider its order granting summary judgment based on Plaintiff's failure to exhaust administrative remedies prior to filing his Complaint. (*See* Pl.'s Mot., ECF No. 98, 1–2.) Plaintiff's Motion does not seek reconsideration based on newly discovered evidence or any intervening change in controlling law. *See Ybarra*, 656 F.3d at 998. Instead, Plaintiff appears to seek reconsideration on the grounds that he should be excused for failing to complete the administrative appeal process prior to filing his Complaint because he feared retaliation from correctional officers if he waited. (*See* Pl.'s Mot., ECF No. 98 at 2.) The Court

addressed this very argument in its Order granting summary judgment. (*See* Order, ECF No. 95 at 22–24.) "A motion for reconsideration may not be used to get a second bite at the apple." *Campion v. Old Repub. Home Protection Co., Inc.*, No. 09-cv-00748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011). The purpose of Rule 59(e) is not to "give an unhappy litigant one additional chance to sway the judge. [A]rguments and evidence [that] were previously carefully considered by the Court, [ ] do not provide a basis for amending the judgment," *Kilgore v. Colvin*, No. 2:12-cv-1792-CKD, 2013 WL 5425313 at *1 (E.D. Cal. Sept. 27, 2013) (internal quotations omitted), and "[m]ere doubt[] or disagreement about the wisdom of a prior decision" is insufficient to warrant granting a Rule 59(e) motion. *Campion*, 2011 WL 1935967 at *1 (quoting *Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000)). For a decision to be considered "clearly erroneous" it must be "more than just maybe or probably wrong; it must be dead wrong." *Id.* A "movant must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Oto v. Metro. Life Ins. Co*., 224 F.3d 601, 606 (7th Cir. 2000)); *see also Garcia v. Biter*, No. 1:13-CV-00599-LJO-SKO-PC, 2016 WL 3879251, at *2 (E.D. Cal. July 18, 2016). Plaintiff has not done so here.

Furthermore, as discussed above, in its Order Granting Summary Judgment, the Court notified Plaintiff that although his previously unexhausted claims were dismissed without prejudice, he "may bring these now exhausted claims in a new and separate civil action so long as he does so within the applicable statute of limitations." (*Id.* at 30.) Plaintiff has indeed done just that. On October 15, 2020, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 in a new civil action, raising the same claims against nine of the same defendants named in his original complaint in this case.[2] (*See Goodlow v. Camacho ("Goodlow II")*, 3:20-cv-2038-AJB-AGS, ECF No. 1.) On October 30, 2020,

---

[2] In *Goodlow II*, Plaintiff names Camacho, Sigala, Salas, Gonzalez, Kelly, Marin, Keener, Goyal and Hernandez. (*See Goodlow II*, ECF No. 1 at 2.)

United States District Judge Anthony Battaglia issued an Order directing the U.S. Marshal to effect service of summons Plaintiff's Complaint in *Goodlow II*, 20-cv-2038-AJB-AGS, as to all Defendants, with the exception of Keener,[3] on Plaintiff's behalf. (*See Goodlow II,* ECF No. 3 at 9–10) (citing 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").)

Plaintiff's Motion to Alter or Amend does not demonstrate that this Court disregarded, misapplied, or failed to recognize any controlling precedent when it granted summary judgment and dismissed the case without prejudice. *Campion*, 2011 WL 1935967 at *1 (quoting *Oto*, 224 F.3d at 606); *see also Garcia*, 2016 WL 3879251, at *2. Thus, because Plaintiff has failed to offer any valid basis upon which the Court might find its September 24, 2020 Order Granting Summary Judgment was erroneous or manifestly unjust, relief is not warranted under Fed. R. Civ. P. 59(e).

/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /

---

[3] Defendant Keener was dismissed because the claims had been previously litigated and dismissed on the merits rather than due to a failure to exhaust. A prisoner's complaint is considered frivolous if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Therefore, the Court in *Goodlow II* dismissed the claims against Keener as duplicative, pursuant to 28 U.S.C. § 1915(e) (2) & 1915A(b). (*See Goodlow II*, ECF No. 3 at 7–8, 10 (citing *Cato*, 70 F.3d at 1105 n.2; *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000).)

## III. Conclusion and Order

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e). (ECF No. 98).

**IT IS SO ORDERED**.

Dated: November 19, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge